09-0674-cv
Miner v. Goord

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of November, two thousand and nine.

Present: JOSEPH M. MCLAUGHLIN,
         RICHARD C. WESLEY,
                    *Circuit Judges*,
         LAWRENCE E. KAHN,
                    *District Judge*.*

_____

LEROY MINER,
                    *Plaintiff-Appellant*,

        - v. -                              (09-0674-cv)

GLEN S. GOORD, ROBERT DENNISON,
WILLIAM GORMAN, MELVIN WILLIAMS,
THOMAS O'CONNOR, JANICE SMITH,
                    *Defendants-Appellees*.

_____

---

\* The Honorable Lawrence E. Kahn, of the United States District Court for the Northern District of New York, sitting by designation.

1

Appearing for Appellant:     ROBERT N. ISSEKS, Law Office of
                             Robert N. Isseks, Esq.,
                             Middletown, New York.

Appearing for Appellee:      RAJIT S. DOSANJH, Assistant
                             Solicitor General of Counsel,
                             State of New York Office of the
                             Attorney General, Appeals and
                             Opinions Bureau, Albany, New
                             York (BARBARA D. UNDERWOOD,
                             Solicitor General, ANDREA OSER,
                             Deputy Solicitor General, ANDREW
                             M. CUOMO, Attorney General of
                             the State of New York, *on the
                             brief*).

Appeal from the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Northern District of New York be **AFFIRMED**.

Plaintiff, Leroy Miner, appeals from the district court's January 21, 2009 judgment and order granting summary judgment in favor of Defendants and dismissing his complaint in its entirety. *Miner v. Goord*, — F. Supp. 2d —, No. 1:06-CV-0439 (GLS/GHL), 2009 WL 159156 (N.D.N.Y. Jan. 21, 2009). Plaintiff is a former state prisoner who brought an action pursuant to 42 U.S.C. § 1983 against parole officers and supervisory officials, among others, alleging that

2

Defendants violated his rights under the First Amendment. Plaintiff, an atheist, claims that the Alcohol and Substance Abuse Treatment ("ASAT") program in place at the Willard Drug Treatment Campus is "a form of religious indoctrination based on the 12 Steps of Alcoholics Anonymous." Plaintiff contends that he "refused to subject himself to the program's religious indoctrination and, as a result, defendants revoked his parole and forced him to serve an additional nine months in prison until the expiration of his sentence." Plaintiff maintains that "Defendants' failure to offer [him] a secular alternative to the Willard program violated [his] clearly established First Amendment right not to be punished for refusing to engage in religious practice."

We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Plaintiff elected to enter the Willard Drug Treatment Program as a condition of his release on parole supervision. Plaintiff contends that he did not enter the Willard Program voluntarily, but rather did so under pressure from the attorney who represented him at the time.

3

Nothing in the record even remotely supports this assertion. Indeed, Plaintiff concedes that he did not raise a religious objection at the time that he agreed to enter the Willard Program.

Upon Plaintiff's arrival at Willard, he refused to sign a Memorandum of Agreement, which would indicate his willingness to participate in the program. Petitioner was informed that he would have twenty-four hours to reconsider this decision, after which time, his parole officer would commence the parole violation process. Plaintiff refused to sign the Memorandum of Agreement a second time and was charged with violating the conditions of his release. Plaintiff's parole was revoked and he was ordered to serve the remainder of his sentence. Plaintiff filed this action after completing his term of imprisonment.

After conducting a *de novo* review of the district court's grant of summary judgment in favor of Defendants, *see Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), we affirm. As an initial matter, we agree with the district court that Plaintiff's § 1983 suit is not barred by the "favorable termination" rule set forth in *Heck v.*

4

*Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).  Although the favorable termination rule applies to § 1983 claims regarding parole revocations, the doctrine is not implicated on these facts.  In this case, there is no danger that § 1983 is being utilized in a manner that would allow Plaintiff to engage in an end-run around the requirements for bringing a habeas corpus petition because he has completed his term of imprisonment.  See *Green v. Montgomery*, 219 F.3d 52, 61 n.3 (2d Cir. 2000); *McKithen v. Brown*, 481 F.3d 89, 100-01 (2d Cir. 2007).

Because Plaintiff refused to enroll in the Willard Program, he cannot show that his injury is "fairly traceable to defendants' conduct."  *In re U.S. Catholic Conference*, 885 F.2d 1020, 1024 (2d Cir. 1989); *see also Garelick v. Sullivan*, 987 F.2d 913, 919 (2d Cir. 1993).  Had Plaintiff enrolled in the program and been subjected to mandatory religious programming, his claim could have survived a motion for summary judgment if he had proffered facts that demonstrated a causal link between the program's alleged religious orientation and his injury.  *See Garelick*, 987 F.2d at 919.  However, because Plaintiff chose not to enroll

5

in the program based only on an unconfirmed but fervent belief that he would be required to participate in religious activities, he cannot show that "he personally has suffered some actual or threatened injury" as a result of conduct by Defendants. *DeStefano v. Emergency Hous. Group, Inc.*, 247 F.3d 397, 421 (2d Cir. 2001) (internal quotation marks omitted); *see also Jeffries v. Harleston*, 52 F.3d 9, 14 (2d Cir. 1995). Therefore, Plaintiff lacks standing to pursue his claims.

We note that it is indisputable that the 12 Steps of Alcoholics Anonymous are religious in nature. *See Cox v. Miller*, 296 F.3d 89, 108 (2d Cir. 2002); *Griffin v. Coughlin*, 88 N.Y.2d 674, 680-84 (1996). However, this fact would not resolve the merits of Plaintiff's claim, if we were to reach the merits. The ultimate issues for purposes of Plaintiff's § 1983 claim is whether the Willard Program requires participation in religious activity, *see Warner v. Orange County Dep't of Prob.*, 115 F.3d 1068, 1069 (2d Cir. 1997), and whether Miner would have been exempted from any religious portions of the Willard Program, *see id.* at 1074-75; *see also Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir.

1999).  Because we conclude that Plaintiff lacked standing, we need not answer these questions definitively.  However, we note that as long as a secular alternative to Alcoholics Anonymous is provided, it does not violate the Establishment Clause to "include a noncoercive use of [Alcoholics Anonymous's] 12-step regimen."  *Griffin*, 88 N.Y.2d at 677.  An Establishment Clause challenge based on the "mere inclusion" of Alcoholics Anonymous "as one element in [a] program's treatment plan" has been "foreclosed."  *DeStefano*, 247 F.3d at 408.

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

For the Court
Catherine O'Hagan Wolfe, Clerk

By: _____

7